```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                                    MOTION FOR REMAND

              -against-                                             Docket No. 25-951

                                                                    AFFIRMATION IN SUPPORT
JUAN HERNANDEZ,
         Defendant-Appellant.
-------------------------------------------------------------X
```

STEVE ZISSOU, ESQ., affirms the following under penalty of perjury:

1. I represent Defendant-Appellant Juan Hernandez (hereinafter, "Appellant") in the above-captioned matter.

2. I submit this Affirmation in support of Appellant's motion for a limited remand to the district court pursuant to Rule 37 of the Federal Rules of Criminal Procedure and Rule 12.1 of the Federal Rules of Appellate Procedure.

3. On October 24, 2023, Appellant was arrested in the instant matter.

4. On September 6, 2024, Appellant pleaded guilty to a single count of conspiring to violate the anti-kickback statute, in violation of 18 U.S.C. § 371. He pleaded guilty pursuant to a plea agreement.

5. The only restitution of which Appellant was made aware prior to sentencing was the restitution specified in the plea agreement: $16,000.

6. At no time prior to sentencing was Appellant made aware that any corporate entities had claimed to be victims in this case.

7. Appellant was sentenced by Honorable Mary Kay Vyskocil on April 7, 2025. At the sentencing, the district court found that Appellant was responsible for $2,388,872.78 in additional restitution. Sent. Tr. at 12-13.

8. The news that Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Science Ireland UC (collectively, "Gilead" or the "Gilead entities") had filed a restitution claim against the Appellant came as a shock to him.

9. At no time prior to sentencing was Appellant advised by counsel that he might be subject to an additional order of restitution, especially an additional order of restitution filed by an organization whose name he had never heard prior to sentencing.

10. Appellant was never told that the Gilead entities filed a request for restitution on January 24, 2025, nor that the district court issued a scheduling order on February 11, 2025, directing counsel to respond on or before February 26, 2025.

11. When Appellant's counsel at sentencing tried, belatedly, to object the restitution, the Court replied, "Your objection was due February 26 of 2025. I entered an order to that effect, Mr. Kushner. You have waived your objection." Sent. Tr. at 14. When counsel objected, the district court responded, "Your objection is noted, and I note, as well, that your objection is untimely, and you've waived it. But in any event, it's overruled." *Id.*

12. On May 6, 2025, the Appellant filed a motion in the district court for a reconsideration of the additional order of restitution (hereinafter, "Motion for Reconsideration"). ECF 489.

13. On May 16, 2025, the Honorable Mary Kay Vyskocil issued an order denying the Motion for Reconsideration on purely procedural grounds. "Based on the Court's careful review of Defendant's motion and the representations made by [undersigned] counsel in that motion," she wrote, "the Court would be inclined to consider the motion. However due to

Defendant's pending appeal, this Court has been divested of the authority or power to consider such motion. Therefore, the motion for reconsideration is DENIED without prejudice for lack of jurisdiction." (internal citations omitted). ECF 492.

14. On May 21, 2025, undersigned counsel complied with the notice provision of Federal Rule of Appellate Procedure 12.1 by filing this Motion for Remand, along with a copy of the district court's order indicating that the district would be inclined to consider the motion if it had the jurisdiction to do so.

15. Accordingly, for all the foregoing reasons, the Appellant respectfully requests that this Court issue a limited remand of this case so that the district court can render a decision on the Motion for Reconsideration on the merits.

WHEREFORE, the Defendant-Appellant respectfully requests that this Court remand to the district court pursuant to Fed. R. App. P. 12.1.

Dated: Bayside, New York
May 22, 2025

Respectfully submitted,

Steve Zissou, Esq.
Steve Zissou & Associates
*Attorney for Defendant*
42-40 Bell Boulevard
Suite 302
Bayside, New York 11361
(718) 279-4500

SZ/jc